854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James Bond OUTLAW, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1369.
 United States Court of Appeals, Federal Circuit.
 July 27, 1988.
 
 Before NIES, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James Bond Outlaw, Jr. appeals pro se from the opinion and order of the United States Claims Court, No. 354-87C (February 25, 1988) (Yock, J.), dismissing his complaint, which sought just compensation for the taking of his automobile, on the ground that his claim was barred by the statute of limitations. Our review of the trial judge's opinion convinces us that he carefully analyzed the facts of record and correctly applied the governing legal principles. Accordingly, we affirm that order in all respects.
 
 OPINION
 
 2
 On appeal Mr. Outlaw attacks no factual findings of the court or, indeed, any specific ruling of the trial court concerning his failure to set forth a claim not barred by the six-year statute of limitations set forth in 28 U.S.C. Sec. 2501 (1982). He simply points to the record and asks that the statute of limitations be tolled, because either the government fraudulently concealed facts that would have informed him of a cause of action or, under 28 U.S.C. Sec. 2675(a) (1982), he was required to first present his claim to a federal agency for disposition. The record discloses no concealment, fraudulent or otherwise, of the facts giving rise to Mr. Outlaw's claim. Indeed, the record shows that Mr. Outlaw had actual notice soon after the government appropriated his automobile in 1972. Further, 28 U.S.C. Sec. 2675(a), part of the Federal Tort Claims Act, is inapplicable to Claims Court proceedings. Neither ground provides a basis for tolling.
 
 
 3
 While those grounds for tolling do not appear to have been argued to the Claims Court, we have considered them to be sure that the pro se litigant here had not simply been inept in presenting a meritorious theory for tolling of the statute of limitations. He has not.
 
 
 4
 Also, we conclude that appellant has no viable claim under 28 U.S.C. Sec. 1346(b) (1982) which would warrant transfer of the proceedings to a district court.